(Not for Publication)

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY
## CAMDEN VICINAGE

```
_____     :
                                   :
WILLIAM DREYER, on behalf of       :
himself and all others who consent to :
be Plaintiffs,                     :
                                   :
              Plaintiff,           :     Civil No. 06-2393 (RBK)
                                   :
        v.                         :     OPINION
                                   :
ALTCHEM ENVIRONMENTAL             :
SERVICES, INC. and                 :
BARRY PORTNOY,                     :
                                   :
              Defendants.          :
_____     :
```

**KUGLER**, United States District Judge:

Presently before the Court is a motion by plaintiff William Dreyer ("Plaintiff") to proceed

as a collective action and for approval of notice pursuant to the Fair Labor Standards Act

("FLSA") in his suit against defendants Altchem Environmental Services, Inc. and Barry Portnoy

("Defendants"). Further before this Court is a cross-motion by Defendants for costs and

attorney's fees. For the reasons set forth below, this Court will deny both motions.


## I.    BACKGROUND

Plaintiff filed a Complaint on May 26, 2006, accusing Defendants of having violated the

FLSA, the New Jersey Prevailing Wage Act, the Pennsylvania Prevailing Wage Act, the New

Jersey Wage and Hour Law, and the Pennsylvania Wage Payment and Collection Law.  The

Complaint noted that the action was filed on behalf of Plaintiff and "all other present and former

employees of Defendant who consent to be Plaintiffs."  (Compl. ¶ 1.)

On August 3, 2006, Plaintiff filed a motion to proceed as a collective action.  This motion

defined the potential class as "all present or former employees of the Defendants, who were

employed by Defendants, paid by the day and did not receive overtime pay or the correct monies

pursuant to the Pennsylvania and New Jersey Prevailing Wage Acts."  (Pl.'s Motion at 1.)

Defendants filed an opposition brief on August 18, 2006, and on August 31, 2006, Plaintiff filed

a revised motion, which defined the potential class as "all present or former employees of

Defendants, who were employed by Defendants, and worked over forty hours a week and/or were

not paid for all hours worked."  (Pl.'s Rev. Motion at 1.)   Plaintiff explained in his revised

motion that "[d]ue to the fact that some of the previous Memorandum of Law was for another

case, some of the acts in that Memorandum and Motion were inadvertently included in the

previous Motion."  (Pl.'s Rev. Br. at 2.)  Defendants filed an opposition brief to this revised

motion on September 22, 2006, and cross-moved for costs and fees for having to file a second

opposition brief.  Plaintiff filed a reply brief on October 5, 2006, in which he addressed only the

issues of whether notice was appropriate, who should have access to the names and addresses of

the employees, and whether Defendants should be awarded costs and fees.


II.    **STANDARD**

Plaintiff has moved for this Court to allow him to proceed as a collective action pursuant

to the FLSA.  The FLSA allows an action to be brought "by any one or more employees for and

in behalf of himself or themselves and other employees similarly situated.  No employee shall be

a party plaintiff to any such action unless he gives his consent in writing to become such a party

and such consent is filed in the court in which such action is brought. "  29 U.S.C. § 216(b).  The

burden of showing that the plaintiff is "similarly situated" to the proposed class members lies

with the plaintiff.  Morisky v. Public Serv. Elec. and Gas Co., 111 F. Supp. 2d 493, 496 (D.N.J.

2000).

      The term "similarly situated" is not defined in the FLSA, and neither the Third Circuit

nor the Supreme Court has offered guidance as to how this standard should be applied.

However,

> district courts in the Third Circuit have developed a two-stage test.  The first stage is the
> notice stage.  At this stage, the court determines whether notice should be given to
> potential class members, and the court's determination typically results in conditional
> certification of a representative class.  At the second stage, when the court has more
> evidence and the case is ready for trial, the court makes a final certification.

Armstrong v. Weichert Realtors, No. 05-3120, 2006 U.S. Dist. LEXIS 31351, at *2 (D.N.J. May

19, 2006) (citing Moeck v. Gray Supply Corp., No. 03-1950, 2006 U.S. Dist. LEXIS 511, at

*11-*13 (D.N.J. Jan 5., 2006); Morisky, 111 F. Supp. 2d at 497).

      The case presently before this Court is the notice stage.  At this stage "courts employ a

relatively lenient evidentiary standard in determining whether a collective action is appropriate,"

Aquilino v. Home Depot, Inc., No. 04-4100, 2006 U.S. Dist. LEXIS 66084, at *5 (D.N.J. Sept. 6,

2006) (quotation omitted).  However, "Plaintiffs must show a factual nexus between their

situation and the situation of other current and former [employees] sufficient to determine that

they are 'similarly situated.'" Id. (quotation omitted).

3

III.    **ANALYSIS**

A.    <u>Plaintiff's Motion to Proceed as a Collective Action</u>

In his revised motion and supporting brief, Plaintiff notes the existence of this two-stage test for class certification, and correctly asserts that this action is presently in the notice stage. However, Plaintiff's understanding of what is necessary to succeed in this first stage, as opposed to the second stage, is flawed.  Specifically, Plaintiff asserts that "[t]he second stage of the approach, not relevant to this initial motion is the determination of who is similarly situated. Such an inquiry is relevant after discovery." (Pl.'s Rev. Br. at 4.) This assertion is incorrect. Rather, the "similarly situated" inquiry is indeed applicable at the notice stage, although the evidence needed for a conditional certification is substantially less than that required at the second stage, when the plaintiff has enjoyed the benefits of discovery.

Plaintiff dedicates precious little of his brief to supporting the conclusion that the proposed class in this matter is appropriate for a collective action.  Indeed, Plaintiff's assertions are limited to one paragraph:

> In the present matter, all of the potential opt-in plaintiffs and all former employees who worked in Defendant's construction business, were paid by the day and were not paid time an done half for all hours over forty in a week.  Finally, potential Plaintiffs were not exempt from the overtime requirements of the FLSA.  The exact amount each is owed goes to the damages portion of the case and not to the liability portion.  Accordingly, this matter is conducive to treatment as a collective action, and this Court should approve it as such.

(<u>Id.</u>)  Plaintiff attaches no affidavits or other exhibits to serve as evidence that the potential class members are "similarly situated" to Plaintiff.

In <u>Armstrong</u>, a judge in this district, when determining whether to certify the collective action at the notice stage, noted that "[t]o make a meaningful decision about whether certain

4

people are similarly situated, this Court must have, as a factual foundation, information about who is in the potential class and the basis for inferring that the potential members are similarly situated. Armstrong, 2006 U.S. Dist. LEXIS at *3-*4. The Court found that Plaintiff's one-page declaration was insufficient evidence for it to certify the collective action, despite the lenient threshold imposed at the notice stage. In denying the certification, the Court noted that "[r]equiring a Plaintiff to make a modest factual showing that others have suffered the same injury works to prevent class action fishing expeditions." Id. at *5-*6. See also Hoffmann-La Roche, Inc. v. Sperling, 493 U.S. 165, 171 (1989) ("[C]lass actions serve important goals but also present opportunities for abuse[.]").

Defendants argue that Plaintiff is not in fact similarly situated to the other proposed class members. Given the extreme dearth of evidence, even in the form of affidavits, presented by Plaintiff to show that certification of a collective action is appropriate in this matter, this Court is unwilling to expose Defendants to the burdens and costs necessarily imposed by the discovery process. This Court will therefore deny Plaintiff's motion to proceed as a collective action, and therefore need not consider Plaintiff's request for this Court's approval of notice.


B.    Defendants' Cross-Motion for Costs and Fees

Defendants' claim that they "have been forced to incur the cost of preparing a second opposition brief solely because Plaintiffs' counsel initially failed to make the appropriate modifications to his canned motion papers." (Defs.' Br. at 10.) Defendants ask this Court to award them the costs and attorney's fees incurred by them for filing a second opposition brief.

This Court notes its frustration with Plaintiff counsel's obvious failure to spend adequate

time reviewing its submissions to this Court.  This Court notes that Plaintiff's revised motion is captioned as being filed in the Eastern District of Pennsylvania, a district situated only a short drive across the Ben Franklin Bridge from this vicinage but nonetheless one entirely distinct from the district where this action has been filed.  Plaintiff counsel's inattention to detail is inexcusable.  However, this Court further notes that the two opposition briefs filed by Defendants are extremely similar, and that Defendants' counsel was required to perform very little extra work as a result of Plaintiff's counsel's carelessness.  Accordingly, despite this Court's unwillingness to condone Plaintiff's counsel's shortcomings, it will deny Defendants' cross-motion for fees and costs.

## IV.    CONCLUSION

Based on the foregoing reasoning, this Court will deny Plaintiff's motion to proceed as a collective action and for approval of notice.  This Court will further deny Defendants' motion for costs and attorney's fees.  An accompanying Order shall issue today.

Dated: <u>December 12, 2006</u>              <u>s/ Robert B. Kugler</u>
                                           ROBERT B. KUGLER
                                           United States District Judge