(Not for Publication)

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| WILLIAM DREYER, on behalf of himself and all others who consent to be Plaintiffs, LOWELL T. SCHADE, ALLYN AUGHEY, STEPHEN APPLEGATE, and FRANCIS WHITE : : : : : : : : Plaintiffs, : : v. : : ALTCHEM ENVIRONMENTAL SERVICES, INC. and BARRY PORTNOY, : : : : : Defendants. : | Civil No. 06-2393 (RBK)  **OPINION** |

**KUGLER**, United States District Judge:

Presently before the Court is a motion for reconsideration or in the alternative, a new motion by plaintiffs William Dreyer ("Dreyer"), Lowell Schade ("Schade"), Allyn Aughey ("Aughey"), Stephen Applegate ("Applegate"), and Francis White ("White") (collectively "Plaintiffs") for a collective action and for approval of notice pursuant to the Fair Labor Standards Act ("FLSA") in their suit against defendants Altchem Environmental Services, Inc. ("Altchem") and Barry Portnoy ("Portnoy") (collectively "Defendants"). Further before this Court is a cross-motion by Defendants for costs and attorneys' fees. For the reasons set forth below, this Court will deny both motions.

I.      **BACKGROUND**[1]

On December 12, 2006, this Court denied the original named plaintiff William Dreyer's revised motion to proceed as a collective action due to a lack of evidence that potential class members are similarly situated to him.  The Court also denied Defendants' cross-motion for costs and fees.  Subsequently, Dreyer filed a motion for reconsideration or in the alternative, a new motion for a collective action, and four supporting affidavits.  In that motion, Dreyer characterized the proposed class as "all present or former employees of the Defendants[] who were employed by Defendants [during the three years prior to July 7, 2004], paid by the day and did not receive overtime pay or the correct monies pursuant to the Pennsylvania and New Jersey Prevailing Wage Acts."  Defendants responded with an opposition brief, including their cross-motion for costs and fees.  Dreyer then filed a reply brief and a revised motion for reconsideration or new motion for a collective action, changing the proposed class definition to "all present or former employees of the Defendants[] who were employed by Defendants [during the three years prior to May 27, 2006] and worked over forty hours in a week."

During the pendency of these motions, Plaintiffs filed an amended complaint without leave of court, which Defendants timely answered.  Thereafter, this Court sought explanation from the parties regarding the effect of the amended complaint on Dreyer's motion to proceed as a collective action.  In reply the parties agreed that the amended complaint merely added named plaintiffs to the original action and should not otherwise impact the pending motion.  Accordingly, this Court addresses the motion to proceed as a collective action as one by all

---

[1] Because the parties are by now familiar with the factual and procedural history of this litigation, the background will not be set forth at length except as necessary for disposition of Plaintiffs' new motion.  The Court hereby incorporates the statement of facts set forth in its December Opinion.

plaintiffs presently named in this suit.

## II.     STANDARD[2]

Plaintiffs have moved for this Court to allow them to proceed as a collective action and for approval of notice pursuant to the FLSA. The FLSA allows an action to be brought

> by any one or more employees for and in behalf of himself or themselves and other employees similarly situated. No employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought.

29 U.S.C. § 216(b).

The term "similarly situated" is not defined in the FLSA, and in the absence of guidance from the Supreme Court and Third Circuit, district courts have developed a test consisting of two stages. Morisky v. Pub. Serv. Elec. & Gas Co., 111 F. Supp. 2d 493, 496 (D.N.J. 2000). During the initial notice phase, courts make a preliminary inquiry into whether the plaintiff's proposed class is one of similarly situated members. Armstrong v. Weichert Realtors, No. 05-3120, 2006 WL 1455781, at *2 (D.N.J. May 19, 2006) (citing Moeck v. Gray Supply Corp., No. 03-1950, 2006 U.S. Dist. LEXIS 511, at *11-*13 (D.N.J. Jan. 5, 2006); Morisky, 111 F. Supp. 2d at 497). If the court is satisfied, the result is conditional certification of a class for the purpose of notice and discovery. In the second stage, after more evidence is available, the court makes a final determination as to whether the plaintiff is similarly situated to the rest of the class. Id.

The Third Circuit has not decided the applicable standard for determining whether

---

[2] Plaintiffs styled their submission "Motion for Reconsideration or to Alter or Amend Judgment or New Motion for a Collective Action and In Support of His Reply Brief." Plaintiffs' supporting brief refers to Federal Rule of Civil Procedure 59(e) but does not present argument based on the more rigorous standard applicable to that Rule. Accordingly, this Court treats Plaintiff's motion as a new motion to proceed as a collective action.

potential class members are similarly situated.  Among the district courts in the Third Circuit, two standards have emerged.  Some courts have permitted preliminary certification and notice based on a plaintiff's "substantial allegation" that he and the rest of the proposed class members suffered from a single employer policy.  Goldman v. RadioShack Corp., No. 03-CV-0032, 2003 WL 21250571, at *8 (E.D. Pa. Apr. 16, 2003); Felix de Asencio v. Tyson Foods, Inc., 130 F. Supp. 660, 663 (E.D. Pa. 2001); Sperling v. Hoffman-La Roche, 118 F.R.D. 392, 407 (D.N.J. 1988).  Other courts, including this one, have applied a more stringent but still lenient test requiring a modest factual showing of the same.  Dreyer v. Altchem Envtl. Servs., Inc., No. 06-2393, 2006 WL 3676013 (D.N.J. Dec. 12, 2006) (Kugler, J.); Aquilino v. Home Depot, Inc., No. 04-4100, 2006 WL 2583563, at *1 (D.N.J. Sept. 7, 2006); Armstrong, 2006 WL 1455781, at *1; Smith v. Sovereign Bancorp, Inc., No. Civ. A. 03-2420, 2003 WL 22701017 (E.D. Pa. 2003); see also Dybach v. Fla. Dep't Corr., 942 F.2d 1562, 1567-68 (11th Cir. 1991).  The court in Aquilino articulated this evidentiary standard as requiring a plaintiff to show "a factual nexus between their situation and the situation of other current and former [employees] sufficient to determine that they are 'similarly situated.'" Aquilino, 2006 WL 2583563, at *1 (citation omitted).

Courts have increasingly adopted the more rigorous standard, often citing the persuasive reasoning of Smith:

> [The substantial allegations standard] is at best, an inefficient and overbroad application of the opt-in system, and at worst it places a substantial and expensive burden on a defendant to provide names and addresses of thousands of employees who would clearly be established as outside the class if the plaintiff were to conduct even minimal class-related discovery.  More importantly, automatic preliminary class certification is at odds with the Supreme Court's recommendation to "ascertain the contours of the [§ 216] action at the outset."

Accordingly, this Court will follow its own precedent, Dreyer, 2006 WL 3676013, at *2, and the

trend within the Circuit in requiring "some modest evidence, beyond pure speculation, that [the employer's] alleged policy affected other employees." Smith, 2003 WL 22701017, at *3 (internal quotation marks omitted).

### III.   ANALYSIS

#### A.   Plaintiff's New Motion to Proceed as a Collective Action

Plaintiffs submitted four affidavits in support of their motion; however, this Court will not consider Dave Boyle's ("Boyle") affidavit. An affidavit must "be made on personal knowledge . . . and . . . show affirmatively that the affiant is competent to testify to the matters stated therein." Fed. R. Civ. P. 56(e); see also L. Civ. R. 7.2(a) ("Affidavits shall be restricted to statements of fact within the personal knowledge of the affiant."). Courts will not consider affidavits that are not founded on personal knowledge. Fowler v. Borough of Westville, 97 F. Supp. 2d 602, 607 (D.N.J. 2000). Additionally, it is within the discretion of a trial court to disregard an affidavit that is later recanted by the affiant. Gov't of Virgin Islands v. Nicholas, 759 F.2d 1073, 1077 (3d Cir. 1985).

Accompanying their reply, Defendants submitted a sworn statement by Boyle relating that at the time he signed his affidavit for Plaintiffs, he was being laid off by Altchem, was seeking work, and was told by two union representatives that if he signed the pre-prepared affidavit, he would gain union membership and a new job. Boyle states further that he signed the affidavit because he needed a job and that he did not have an adequate opportunity to verify the accuracy of the affidavit at the time he signed it. After subsequently consulting his payroll records, he now believes its contents are inaccurate and disclaims all the paragraphs concerning overtime. Boyle now says that he did not have personal knowledge of the facts to which he attested in his

5

original affidavit and that many of those facts are incorrect. As a result, the Court will disregard Boyle's affidavit in considering Plaintiffs' motion.

Even considering the three remaining affidavits,[3] Plaintiffs still fail to offer sufficient evidence of a factual nexus between the Plaintiffs' circumstances and the proposed class of all other current and former Altchem employees who worked overtime. In spite of the modest evidentiary standard, courts have not hesitated to deny conditional certification when evidence is lacking. In Armstrong, for instance, the court denied preliminary certification where the supporting declaration made vague, general statements about other employees but failed to define those to whom the affiant referred and how he had knowledge of them. Armstrong, 2006 WL 1455781, at *1; see also Villanueva-Bazaldua v. TruGreen Ltd. Partners, 479 F. Supp. 2d 411, 416 (D. Del. 2007) (denying preliminary certification where only evidence was "terse" declaration attesting to other employees' statements regarding their pay). Compare Harris v. Healthcare Servs. Group, Inc., No. 06-2903, 2007 WL 2221411 (E.D. Pa. July 31, 2007) (granting preliminary certification based on four employee affidavits and two attorney affidavits that detailed pay history of five other employees, including references to specific complaints to employer and its responses).

As evidence of an employer policy, Plaintiffs rely on each affiant's statement that "[t]o the best of my information and belief, everyone I worked with was paid the same way and treated

---

[3] The Court notes that, like the Boyle affidavit, the affidavits of Applegate and Aughey also suffer procedural deficiencies. To be admissible in federal court, an unsworn declaration must be made under penalty of perjury and dated. 28 U.S.C. § 1746; Williams v. U.S. Army Corps of Eng'rs, Civ. A. No. 06-834, 2007 WL 2261559 (D.N.J. Aug. 2, 2007). The affidavits submitted by Applegate and Aughey are not dated, nor do they explicitly state that they were made under penalty of perjury.

the same away [sic]" and posit that if Altchem paid three of its employees the same way, then it must have had a policy affecting all its hourly employees.  Such assumptions might be tenable if the affiants had presented any amount of detail to bolster their assertions.  In support of their FLSA claim, the affiants state only "my overtime was paid at a lower rate than the average wage of different rates I worked each week" and "[m]any times I worked through lunch was [sic] not counted towards my overtime hours."  Aughey and Dreyer further aver that Altchem did not include the times they worked through lunch in its calculation of their overtime.  These unsubstantiated assertions do not amount to the requisite factual showing.  See Steele v. Depuy Orthopaedics, Inc., 295 F. Supp. 2d 439, 446 (D.N.J. 2003) (Kugler, J.) (discounting affidavit that contained only "unsubstantiated conclusory statements . . . coupled with rote recitations").  As in Armstrong, Plaintiffs' affiants fail to indicate the basis for their beliefs that Altchem paid all its employees the same way.  Moreover, although Plaintiffs do supply more than one affidavit, all three are so bereft of detail that they lead the Court to question whether their facts are indeed within their personal knowledge of the affiants.  See Fed. R. Civ. P. 56(e).

      B.      Defendants' Motion for Costs and Fees

Defendants ask this Court to award them their costs and attorneys' fees incurred in responding to Plaintiffs' most recent motion.  Defendants cite Dreyer's failure in his prior attempts at conditional certification to offer evidence clearly required by the legal standard, as well as the allegedly coercive means by which the affidavits submitted with Plaintiffs' new motion were obtained.  In response Plaintiffs contest the existence of any basis within the Federal Rules of Civil Procedure for granting such a motion in this situation.

      The Supreme Court has recognized the inherent power of the courts to "assess attorneys'

fees . . . when the losing party has 'acted in bad faith, vexatiously, wantonly, or for oppressive reasons.'" Alyeska Pipeline Serv. Co. v. Wilderness Soc'y, 421 U.S. 240, 258-59 (1975) (citation omitted). Courts may also award costs and fees pursuant to 28 U.S.C. § 1927 where an attorney's conduct "multiplies the proceedings in any case unreasonably and vexatiously." The primary purpose for imposing § 1927 sanctions is to deter intentional and unnecessary delay in litigation. Zuk v. E. Pa. Psychiatric Inst. of Med. Coll. of Pa., 103 F.3d 294, 297 (3d Cir. 1996). Significantly, only attorneys, not the individuals whom they represent, may be subject to § 1927 sanctions. Williams, 883 F.2d at 1191. In addition, the Federal Rules of Civil Procedure permit a court to order a party to pay costs and fees incurred in responding to an affidavit "presented in bad faith or solely for the purpose of delay." Fed. R. Civ. P. 56(g).

Defendants have not specified the legal basis on which they seek to recover costs and fees, and the Court declines to exercise its discretion to award them. The Court notes that as of August 21, 2007, Plaintiffs are represented by new counsel. As such, if there was ever a need to deter misconduct by Plaintiffs' former counsel, it no longer exists. Accordingly, this Court will deny Defendants' cross-motion for costs and fees.

**IV.   CONCLUSION**

Based on the foregoing reasoning, this Court will deny Plaintiffs' motion for reconsideration or in the alternative, new motion to proceed as a collective action and for approval of notice. This Court will further deny Defendants' motion for costs and attorneys'

fees.  An accompanying Order shall issue today.


Dated: September 25, 2007                     s/ Robert B. Kugler
                                                     ROBERT B. KUGLER
                                                     United States District Judge